No. 11 January 7, 2026 463

*__This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).__*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Shawn Orin HIGLEY,
*Plaintiff-Appellant,*

*v.*

Laurel Parrish HOOK;
Matthew Tellam; and Stahancyk, Kent, & Hook, PC,
*Defendants-Respondents,*

*and*

Kathryn SMITH ROOT
et al.,
*Defendants.*

Multnomah County Circuit Court
22CV19357; A184088

Thomas M. Ryan, Judge.

Argued and submitted December 5, 2025.

George W. Kelly argued the cause and filed the briefs for appellant.

Sheri C. Browning argued the cause for respondents. Also on the brief was Hodgkinson Street Mepham, LLC.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this legal malpractice case, plaintiff appeals a judgment granting summary judgment to defendants. In his third assignment of error, which is dispositive, plaintiff contends that the trial court "erred in granting defendants summary judgment," because the trial court "erred in finding no proof of causation."[1] We affirm.

We review a trial court's grant of summary judgment to determine whether there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47. "That standard is satisfied if, viewing the relevant facts and all reasonable inferences in the light most favorable to the nonmoving party"—here, plaintiff—"no objectively reasonable juror could return a verdict for [plaintiff] on the matter that is the subject of the motion for summary judgment." *Hammel v. McCulloch*, 296 Or App 843, 844, 441 P3d 617, *rev den,* 365 Or 502 (2019) (internal quotation marks omitted).

On appeal in this case, we understand plaintiff to contend that defendants were negligent in two respects: First, that while acting as plaintiff's attorneys in connection with his and his wife's divorce, defendants "entered into a settlement * * * without explaining to him the ramifications of having a lease and a business arrangement with a third-party tenant, and which affected his ability to prepare the parties' home for a sale that was agreed would take place within weeks of the settlement." Second, that defendants "withdrew from representing plaintiff prior to entry of judgment without explaining to him that he needed to somehow notify the adverse party and the court of the lease and business arrangement."

We understand plaintiff to contend that that malpractice by defendants caused plaintiff to be held in contempt in connection with the general judgment in the divorce

---

[1] In his first assignment of error, plaintiff contends that the trial court erred in "disregarding plaintiff's declaration." In his second assignment of error, plaintiff contends that the trial court "erred in striking paragraphs from the declaration." For purposes of our analysis of plaintiff's third assignment of error, we assume without deciding that the trial court erred in the manner described by plaintiff in his first and second assignments of error and thus consider plaintiff's declaration as part of the summary judgment record.

case, and that he was damaged by being held in contempt, because in connection with the contempt judgment plaintiff was ordered to pay certain attorney fees. That is, the harm plaintiff suffered as a result of his attorneys' purported malpractice was the need to pay additional attorney fees.

As we have stated, "[a]n action for legal malpractice is not significantly distinct from an ordinary negligence action." *Hammel*, 296 Or App at 850. In order to prevail in a legal malpractice action, "a plaintiff must allege and prove (1) a *duty* that runs from the defendant to the plaintiff; (2) a *breach* of that duty; (3) a resulting *harm* to the plaintiff measurable in damages; and (4) *causation*, *i.e.*, a causal link between the breach of duty and the harm." *Id.* (emphases in original; internal quotation marks omitted).

At issue in this case is the fourth prong—causation. To prove causation in the legal malpractice context, a plaintiff must show that "but for the malpractice of the defendant, he or she would have obtained a more favorable result." *Watson v. Meltzer*, 247 Or App 558, 566, 270 P3d 289 (2011), *rev den,* 352 Or 266 (2012).

Having reviewed the record, we conclude that the trial court did not err in granting summary judgment to defendants. Although "[c]ausation may be proved by circumstantial evidence, expert testimony, or common knowledge," *Two Two v. Fujitec America, Inc.*, 355 Or 319, 332, 325 P3d 707 (2014), here the record does not contain evidence from which a jury could find, without engaging in impermissible speculation, that plaintiff would have obtained a more favorable result but for defendants' negligence, *West v. Allied Signal, Inc.*, 200 Or App 182, 192 n 4, 113 P3d 983 (2005) (noting that an inference is permissible and not "impermissible speculation" when "there is an experience of logical probability that an ultimate fact will follow a stated narrative of historical fact" (internal quotation marks omitted)). That is, there is no evidence from which a juror could find, without impermissible speculation, what the result would have been if plaintiff had gone to trial rather than entering the settlement or what the terms of any potential other settlement would have been. Nor is there evidence of what would have occurred had defendants notified plaintiff that

he "needed to somehow notify the adverse party and the court of the lease and business arrangement."[2] As a result, the trial court did not err in granting summary judgment in favor of defendants.

Affirmed.

---

[2] In reaching that conclusion, we note that, in the contempt judgment related to the earlier domestic relations judgment, in addition to being held in contempt for failing to "prepare the property for sale by removing all plants and equipment associated with the marijuana grow operations"—which plaintiff argues was caused by defendants' negligence—plaintiff was also held in contempt for other conduct related to the judgment in the domestic relations case: namely, "knowingly obtaining a forbearance" on his mortgage in "direct contradiction of the general judgment."

Plaintiff does not argue that that basis for finding plaintiff in contempt—which also formed the basis for the trial court's award of attorney fees in the contempt proceeding—was caused by defendants' purported negligence. Thus, there is no basis for a jury to conclude that plaintiff would not have been held in contempt regardless of the purported negligence of his attorneys.

Additionally, although it is not necessary for our analysis, in reaching our conclusion, we observe that in the earlier contempt proceeding the court made various findings that complicate plaintiff's malpractice suit. *Scott v. Jackson County*, 244 Or App 484, 494, 260 P3d 744 (2011) (noting that, "[a]t the summary judgment stage, issue preclusion applies as a matter of law *** if it can be conclusively determined from the record that all the *** requirements are satisfied" (internal quotation marks omitted)). Among those findings are that plaintiff entered the settlement agreement "knowing that he could not comply with the terms of the settlement" and that he "fabricated evidence to support his claims"; that the purported lease on which plaintiff relies "appears to have been created solely to assist [plaintiff's] attempt to delay the sale of the [property]"; and that, contrary to his claim in the trial court in the case before us presently that he could not comply with the General Judgment in the divorce proceeding, that plaintiff had "failed to prove that he was unable to comply with the general judgment" and he had "created false evidence, and went to extreme lengths to delay his compliance with the General Judgment."